Filed 10/8/14  Escovedo v. Robitschek CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CODY ESCOVEDO, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LAURA ROBITSCHEK, <br><br> Defendant and Appellant. | F068219 <br><br> (Super. Ct. No. 12CEFL06070) <br><br> **OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Laura Robitschek, in pro. per., for Defendant and Appellant.

Cody Escovedo, in pro. per., for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J. and Detjen, J.

Respondent Cody Escovedo obtained a restraining order against his mother, appellant Laura Robitschek, pursuant to the Domestic Violence Prevention Act (DVPA; Fam. Code, § 6200 et seq.).[1] Appellant appeals. We affirm.

## DISCUSSION

We review the issuance of a domestic violence restraining order for abuse of discretion. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.) A court abuses its discretion when it exceeds the bounds of reason. When two or more inferences may be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. (*Ibid.*) When reviewing the trial court's factual findings, we apply a substantial evidence test of review. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505.) We are bound by the familiar principle that the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, to support the findings below. (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1100.) We must therefore view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor. (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1053.) Accordingly, under the abuse of discretion standard, we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was not arbitrary or capricious. (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal. 4th 737, 746 (*Humberto S.*).)

Respondent sought and obtained a domestic violence restraining order against appellant due to multiple complaints of harassing phone calls, emails and contacts with respondent and his family members. When that restraining order expired, he then filed a request for an additional restraining order, which is the subject of this appeal. After an evidentiary hearing, the court granted the request for a further restraining order in favor of respondent and his family members against appellant. The order required appellant to

---

[1] Unless otherwise indicated, all further statutory references are to the Family Code.

refrain from contacting, directly or indirectly, harassing or assaulting, stalking or disturbing the peace of respondent and his family members. It imposed a stay-away order of at least 100 yards. The restraining order was to remain in effect for five years and expires on September 11, 2018.

An appealed judgment or order is presumed correct. Appellant must affirmatively demonstrate error. (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.) It is appellant's burden to present an adequate argument, including citations to supporting authorities and to relevant portions of the record. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) In this case, it is appellant's burden to establish that the trial court abused its discretion in issuing this restraining order by demonstrating that the trial court did not follow the law, that substantial evidence does not support the trial court's express or implied factual findings, or that the trial court acted capriciously. (*Humberto S.*, *supra*, 43 Cal. 4th at p. 746.) Appellant has failed to meet her burden.

The DVPA defines "'[d]omestic violence'" as abuse perpetuated against a child of a party or any person related by consanguinity or affinity within the second degree. (§ 6211.) Here, respondent is the child of appellant. Abuse is defined as including any behavior that has been or could be enjoined pursuant to section 6320. (§ 6203.) Section 6320 authorizes a court to issue an order enjoining a party from "molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, …, harassing, telephoning, including, but not limited to, making annoying telephone calls …, coming within a specified distance of, or disturbing the peace of the other party …."

Respondent submitted evidence, in the form of a written declaration with exhibits, that appellant, at the very least, engaged in conduct that was harassing, including the making of annoying telephone calls, and disturbing the peace of respondent and his family members. Appellant denied these charges, but it is evident that the trial court found respondent's evidence convincing. There was substantial evidence to support the issuance of the restraining order. (*Gonzalez v. Munoz*, *supra*, 156 Cal.App.4th at p. 420 [reviewing court has no authority to substitute its resolution of the facts for that of the trial court].)

At oral argument, appellant complained that the trial court did not provide a court reporter or an audio machine to record the proceedings, rendering it impossible for the appellate court to evaluate the evidence below. Not so. As mentioned, respondent's evidence included a written declaration that was part of the court record. Also, when asked at oral argument whether respondent submitted evidence that appellant had continued to make phone calls, send emails and visit respondent's home when asked not to do so, appellant answered in the affirmative. Thus, there was substantial evidence of harassment in support of the restraining order. (*Gonzalez v. Munoz, supra*, 156 Cal.App.4th at p. 420.)

Appellant has also failed to show that the lower court misapplied the law or acted capriciously in issuing the restraining order against her.

The balance of appellant's arguments either lack coherence or any legal supporting authority. Accordingly, we treat such contentions as forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

## DISPOSITION

The lower court order is affirmed. Costs on appeal are awarded to respondent.

4.